

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIGHTHOUSE LEGAL FINANCE, <br><br> Plaintiff, <br> v. <br><br> ARTHUR CONAN DOYLE, et al., <br><br> Defendants. | CASE NO. CV 13-2625 UA (DUTYx) <br><br> ORDER SUMMARILY REMANDING IMPROPERLY REMOVED ACTION |

The Court remands this state court action to state court summarily because it was improperly removed and this Court lacks subject matter jurisdiction.

On April 15, 2013, Defendant Sir. Arthur Conan Doyle lodged a Notice of Removal ("Notice"), seeking to remove to this Court what appears to be a state court action to compel arbitration on a loan contract. Together with the removal notice, Defendant presented an application to proceed without prepayment of the filing fee. The Court has denied the latter application in a separate order because the action was not properly removed. To prevent the action from remaining in

jurisdictional limbo, the Court now issues this order to remand the action to state court on the following grounds.

First, the Notice of Removal is defective because defendant failed to attach a copy of the complaint from the underlying state court action. See 28 U.S.C. § 1446 ("A defendant or defendants desiring to remove any civil action from a State court shall file in the district court... a notice of removal... together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.").

Second, it appears that Plaintiff Lighthouse Legal Finance could not have brought this action in federal court in the first instance. The documents filed by defendant, including the Notice of Removal, do not competently allege facts supporting either diversity or federal-question jurisdiction. As such, removal is improper. See 28 U.S.C. § 1441(a); Exxon Mobil Corp. v. Allapattah Svcs., Inc., 545 U.S. 546, 563, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005). Specifically, although defendant alleges that plaintiff is a domiciliary of New Jersey, even if complete diversity of citizenship exists, the amount in controversy does not exceed the jurisdictional threshold of $75,000. [See Attachment to Notice (Civil Cover Sheet, stating that the amount demanded in complaint is $7,000).][1] Additionally, Defendant could not properly remove the action on the basis of diversity jurisdiction in any event, because he resides in California, the forum state. See 28 U.S.C. § 1441(b).

---

[1] Defendant alleges in the Notice of Removal that the "amount in controversy at the time of trial is estimate[d] to be in excess of $75,000." However, the amount in controversy must be determined as of the date of removal; it is not the estimated amount at the time of trial. See, e.g., Conrad Associates v. Hartford Acc. & Indem. Co., 994 F. Supp. 1196, 1198 (N.D. Cal. 1998)(amount in controversy must be determined as of date of removal).

Nor does it appear that Plaintiff's action to compel arbitration raises any federal legal question. See 28 U.S.C. §§ 1331, 1441(b). Defendant does not allege in his removal notice that plaintiff's complaint raises any federal question. Rather, he appears to be arguing that the loan contract and/or plaintiff's conduct violated a variety of federal laws. But that is immaterial. "For better or for worse . . . a defendant may not remove a case to federal court" on the basis of federal-question jurisdiction "unless the plaintiff's complaint establishes that the case 'arises under' federal law." Franchise Tax Bd. v. Const. Laborers Vacation Trust, 463 U.S. 1, 10, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983).

Accordingly, this matter is **remanded** to the Superior Court of California for the County of Los Angeles, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c). The Clerk is directed to send a certified copy of this order to the state court and to serve copies of this order on the parties.

**IT IS SO ORDERED.**

DATED: 4-29 , 2013

DEAN D. PREGERSON

GEORGE H. KING
Acting CHIEF UNITED STATES DISTRICT JUDGE

3